Nicole Golob (SBN 190444)
E-Mail: ngolob@fisherphillips.com
FISHER & PHILLIPS LLP
21600 Oxnard Street, Suite 650
Woodland Hills, California 91367
Telephone: (818) 230-4250
Facsimile:  (818) 230-4251

Attorneys for Defendant
STARBUCKS CORPORATION (named herein
and erroneously sued as STARBUCKS COFFEE
COMPANY)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| EDAYANIRA ZARCO,<br><br>                        Plaintiff,<br><br>         v.<br><br>STARBUCKS CORPORATION;<br>STARBUCKS COFFEE COMPANY; and<br>DOES 1 through 50, inclusive,<br><br>                        Defendant. | CASE NO.:<br><br>*[Removed from Los Angeles County Superior Court Case No. 25STCV29432]*<br><br>**DEFENDANT STARBUCKS CORPORATION'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 AND 1446**<br><br>*[Filed concurrently with Civil Cover Sheet; Declarations of Nicole Golob and Havonnah Johnson; Certification of Interested Parties; Corporate Disclosure Statement; and Notice of Related Cases]* |

FP 60041095.1

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION, AND TO PLAINTIFF AND HER ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that Defendant Starbucks Corporation hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332 and 1441(b) on the grounds that there is complete diversity of citizenship between Plaintiff Edayanira Zarco ("Plaintiff"), a citizen of the State of California, and Defendant, a citizen of the State of Washington; that the amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in section 1332(a); and that the foregoing facts were true at the time the Complaint in this matter was filed and remain true as of the date of the filing of this Notice of Removal, as more fully set forth below on the following grounds:

## I.    THE STATE COURT ACTION

1.    On or about October 8, 2025, Plaintiff filed an unverified Complaint against Defendant entitled, "*EDAYANIRA ZARCO, an individual vs. STARBUCKS CORPORATION, et al.*" in Los Angeles County Superior Court Central District, Case No 25STCV29432 ("State Court Action"). A true and correct copy of the unverified Complaint ("Complaint") is attached hereto to the Declaration of Nicole Golob ("Golob Decl."), ¶ 3, Exhibit A.

2.    On October 15, 2025, Plaintiff served Defendant's agent for service of process, Corporation Service Company, with the following documents: Summons; Civil Case Cover Sheet; Complaint for Damages; Notice of Case Assignment Unlimited Civil Case; and Notice of Case Management Conference, true and correct copies of which are attached as **"Exhibit A**." A true and correct copy of the Service of Process Transmittal Notice is attached to the Golob Decl., as **"Exhibit "B."**

3.    The Complaint alleges that Plaintiff was discriminated against on the basis of her disability; that Defendant violated the California Family Rights Act ("CFRA") and

NOTICE OF REMOVAL

FP 60041095.1

failed to accommodate Plaintiff's disability or cooperate in the interactive process; that Defendant retaliated against Plaintiff and wrongfully terminated her. Specifically, Plaintiff asserts causes of action for: (1) Disability Discrimination; (2) Failure to Engage in the Interactive Process; (3) Failure to Provide a Reasonable Accommodation; (4) Retaliation (Government Code Section 12940, *et seq.*; (5) Retaliation for Requesting and/or Taking FMLA/CFRA Leave (Government Code Sections 12945.2, *et seq.)*; (6) Failure to Prevent/Remedy Discrimination and Retaliation under the FEHA; and (7) Wrongful Termination.

4. On November 12, 2025, Defendant filed its Answer in Los Angeles County Superior Court. A true and correct copy of Defendant's Answer is attached to the Golob Decl., as **"Exhibit C."**

5. Defendants "Does 1 to 50, inclusive" have not been identified and there is no record that any Doe defendant has been served with the Summons or Complaint in the State Court Action.

## II.    REMOVAL IS TIMELY

6. A defendant in a civil action has thirty (30) days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ") *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (faxed file-stamped copy of complaint did not trigger removal period).

7. Here, removal is timely because Defendant is filing this Notice of Removal within thirty (30) days of when service on Defendant was completed. *See* Fed. R. Civ. P. 26.

8. **<u>Basis of Original Jurisdiction</u>**. This Court has original jurisdiction over this action pursuant to 28 U.S.C. section 1332(a)(1). As set forth below, 28 U.S.C. section 1332(a) grants district courts original jurisdiction over civil actions where the matter in

FP 60041095.1

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. This case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice. See 28 U.S.C. §§ 1332, 1441, and 1446.

## III.   COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

9.    **Plaintiff is a Citizen of California.**  For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A person's domicile is the place he resides with the intention to remain or to which he intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff is and, at all times since the commencement of this action has been, a resident and a citizen of the State of California. *See* Complaint, ¶ 2.

10.    **Defendant is a Citizen of Washington.**  Defendant is now and was at the time of the filing of this action, a citizen of a state other than California within the meaning of 28 U.S.C. § 1332 (c)(1).  For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).

11.    The United States Supreme Court, in *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010), held that a corporate entity's "principal place of business" for determining its citizenship is its "nerve center":

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control , and coordinate the corporation's activities.  It is the place that Courts of Appeals have called the corporation's "nerve center."  And in practice it should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center." *Id.* at 92-93.

12.    At the time of the filing of this action, Defendant was, and still is, a corporation organized and incorporated under the laws of the State of Washington. *See* Declaration of Havonnah Johnson ("Johnson Decl.") at ¶ 2. Defendant has not been incorporated in California. *See* Johnson Decl. at ¶ 2. Defendant's principal place of

FP 60041095.1

business is in the State of Washington as it performs the vast majority of its executive and administrative functions at its corporate headquarters at 2401 Utah Avenue South, Seattle, Washington 98134.  The Company's executive and administrative operations are centrally managed from this location, and it is the center of direction, control, and coordination of companywide policies and procedures, legal affairs, and general business operations.  *Id.* The Company's corporate books and records are maintained at and/or from the corporate headquarters in Seattle, Washington.  *Id.* Accordingly, Defendant is not a citizen of the state of California.  Rather, Defendant is a citizen of the state of Washington pursuant to the "nerve center" test and its incorporation.

13.    **The Citizenship of "Doe Defendants" Must Be Disregarded.**    The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal.  28 U.S.C. § 1441(a).  This Court has jurisdiction over the case based on diversity jurisdiction pursuant to 28 U.S.C. §§1332(a) and 1441(a), in that, Plaintiff is a citizen of California and Defendant is not a citizen of California.  Therefore, complete diversity among the parties exists now, and did so at the time of the filing of the operative complaint on October 28, 2020.

## IV.    THE AMOUNT IN CONTROVERSY EXCEEDS AN AGGREGATE OF $75,000, EXCLUSIVE OF INTEREST AND COSTS

14.    Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the value of Plaintiff's claims exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F. 3d 398, 404 (9th Cir. 1996); *Lucett v. Delta Airlines, Inc.,* 171 F. 3d 295, 298 (5th Cir. 1999). In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including mental and emotional distress damages, punitive damages, statutory penalties, and attorney's fees. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Kroske v. U.S. Bank Corp.,* 432 F.3d 976, 980-81 (9th Cir. 2005); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). These damages include those that can reasonably be anticipated at the time of removal, not merely those already incurred. *Simmons v. PCR Tech.*, 209 F. Supp.

2d 1029, 1035 (N.D. Cal. 2002); *see also Celestino v. Renal Advantage Inc.*, No. C 06-07788 JSW, 2007 WL1223699 (N.D. Cal. April 24, 2007) ("[T]he amount in controversy includes not only damages accrued up to the time of removal, but also a reasonable assessment of damages likely to be accrued after the time of removal.").

15.    This Court's jurisdictional minimum, an amount in controversy in excess of $75,000, was satisfied at the time of the filing of this action, and still is satisfied, by the facts set forth herein and more specifically described below. Defendant discusses below the allegations in Plaintiff's Complaint that are the subject of this matter solely to demonstrate that the amount in controversy in this matter exceeds $75,000.00. In doing so, Defendant does not admit, and Defendant affirmatively denies, that Plaintiff is entitled to these damages or that Plaintiff will be able to recover on any of her theories.

16.    Plaintiff seeks to recover general and special damages, including but not limited to substantial losses in earnings and other employment benefits, medical expenses, emotional distress, punitive damages, and attorneys' fees and costs. *See* Complaint ¶¶ 33-35, 43-45, 51-53, 59-61, 67, 72-74, 78-80, Prayer for Relief, ¶¶ 1-7.

17.    Based on the allegations in the Complaint, Defendant's conservative, good faith estimate of the value of this action if Plaintiff prevails and recovers the damages that she seeks is well in excess of $75,000.  Specifically, Defendant estimates the amount in controversy as follows:

18.    Plaintiff's claim for compensatory damages, including lost prior and future earnings, must be based on her annual compensation during the time of her employment with Defendant.  During Plaintiff's last year of employment, she earned $39.96 per hour. Assuming a 40-hour workweek, Ms. Zarco would have earned $83,116.80 annually at the time of her separation. Johnson Decl. ¶5.

19.    Plaintiff's employment with Defendant ended on January 27, 2025.  Johnson Decl., ¶¶4-5.  Thus, at the time of this removal, Plaintiff's alleged unmitigated wage damages were approximately $62,337.60 (which is $83,116.80 divided by 12 months of employment = approximately $6,926.40 per month, multiplied by 9 months of missed

work).

## A.   Emotional Distress Damages

20.   Plaintiff alleges that, as a result of Defendant's actions, she suffers from "physical, mental, and emotional injuries, pain, distress, anguish, fright, nervousness, grief, anxiety, worry, shame, injured feelings, shock, humiliation and indignity, as well as other unpleasant physical, mental, and emotional reactions, damages to reputation, and other non-economic damages, plus medical expenses, future medical expenses, and attorneys' fees/costs…" Complaint ¶¶ 33, 43, 51, 59, 67, 72, 78.  Unspecified mental and emotional distress damages are properly considered in calculating the amount in controversy.  *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031-35 (N.D. Cal. 2002).

21.   To establish the amount of emotional distress damages in controversy, a defendant may introduce evidence of jury verdicts in cases involving analogous facts. *See Simmons*, 209 F. Supp. 2d at 1033; *Faulkner v. Astro-Med, Inc.*, 1999 U.S. Dist. LEXIS 15801, *4 (N.D. Cal. 1999). In California, courts have awarded substantial damages for emotional distress in employment cases alleging discrimination and retaliation. *See, e.g., Juarez v. Autozone Stores, Inc.*, 2014 WL 7017660 (S.D. Cal. 2014) (pain and suffering award of $250,000 in discrimination and harassment case); *Chopourian v. Catholic Healthcare West*, 2012 WL 767196 (E.D. Cal. 2012) (pain and suffering award of $33,000,000 in harassment case); *Palma v. Rite Aid Corp.*, 2012 WL 3541952 (L.A. County Sup. Ct.) (award of $3,000,000 in pain and suffering to employee who was terminated after taking medical leaves of absence); *Betson v. Rite Aid Corp.*, 2011 WL 3606913 (L.A. County Sup. Ct.) (pain and suffering award of $500,000 to employee in harassment action); *Espinoza v. County of Orange*, 2009 WL 6323832 (Orange County Sup. Ct.) (awarding plaintiff $500,000 in emotional distress damages for disability discrimination and harassment); *Lopez v. Bimbo Bakeries USA Inc.,* 2007 WL 4339112 (San Francisco Super. Ct.) (awarding the plaintiff $122,000 in emotional distress damages for wrongful termination, failure to prevent discrimination and failure to accommodate a pregnant employee who provided note that she needed work restriction and then was

FP 60041095.1

terminated shortly thereafter); *Royal v. Los Angeles Community College District*, 2007 WL 2339112 (L.A. County Sup. Ct.) (awarding the plaintiff $65,000 in emotional distress damages for pregnancy discrimination).

22. Therefore, if Plaintiff were to prevail at trial, she could be awarded a substantial amount of emotional distress damages in addition to any award for lost wages and benefits. Defendant disputes that Plaintiff is entitled to these damages or that Defendant caused any claimed damages.

**B.    Punitive Damages**

23. Plaintiff's Complaint also seeks recovery for punitive or exemplary damages. *See* Complaint ¶¶ 35, 45, 53, 61, 74, 80, Prayer for Relief, ¶ 2.

24. "Where both actual and punitive damages are recoverable under a complaint, each must be considered to the extent claimed in determining jurisdictional amount." *Bell vs. Preferred Life Assurance* Soc'y, 320 U.S. 238, 240 (1943); *Gibson v. Chrysler Corp*, 261 F.3d 9274, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *Simmons*, 209 F. Supp. 2d at 1033 (court may consider punitive damages recoverable under FEHA when determining the amount in controversy).

25. California courts have awarded plaintiffs significant punitive damages in employment actions alleging discrimination or retaliation. See *Lopez,* 2007 WL 4339112 (San Francisco Sup. Ct.) ($2,000,000 punitive damages award to an employee who sued for pregnancy discrimination, on top of a $122,000 emotional distress damages award); *Juarez*, 2014 WL 7017660 (S.D. Cal. 2014) (punitive damages award of $185,000,000 in discrimination and harassment case); *Chopourian*, 2012 WL 767196 (E.D. Cal. 2012) (punitive damages award of $125,000,000 in harassment case); *Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009) (holding that a punitive damage award of $1,900,000, equal to the compensatory damage award, was appropriate in FEHA case); *Robinson v. Mantra Films, Inc.*, 2006 WL 3198969 (L.A. County Sup. Ct.) (plaintiff in pregnancy harassment and discrimination case claiming $12,964 in back wages, was awarded $137,930 in unspecified

damages by an arbitrator); *Tiffany v. O'Reilly Auto Stores*, 2013 WL 4894307 (E.D. Cal. 2013) (noting in pregnancy discrimination case that the $75,000 threshold would be "easily met" by adding $47,920.00 in projected lost wages to emotional distress damages, punitive damages, and statutory attorney's fees likely to be in excess of $272,80.00); *Roberts v. Ford Aero. & Communications Corp.*, 224 Cal. App. 3d 793 (1990) (affirming jury punitive damages award of $750,000 for wrongful termination based upon race discrimination).

26. Therefore, if Plaintiff were to prevail at trial, she could be awarded a substantial amount of punitive damages, which must be taken into consideration in evaluating the amount-in-controversy requirement for purposes of removal. Defendant disputes that Plaintiff is entitled to these damages or that Defendant caused any claimed damages.

### C.    Attorneys' Fees

27. Attorneys' fees may be included in the amount in controversy if recoverable by statue or contract. *Galt G/S*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). Attorneys' fees are recoverable as a matter of right to the prevailing party under the California Fair Employment and Housing Act ("FEHA"). *See* Cal. Gov. Code, § 12965.

28. Here, Plaintiff seeks attorneys' fees under FEHA pursuant to the California Government Code. *See* Complaint ¶¶ 33-35, 43-45, 51-53, 59-61, 67, 72-74, 78-80, Prayer for Relief, ¶ 4. Thus, the Court must consider Plaintiff's request for attorneys' fees in assessing the amount-in-controversy requirement.

29. In the language of another court, "[w]hen attorney fees are added into the equation," the conclusion that more than $75,000 is in controversy "becomes irresistible." Parker-Williams v. Charles Tini & Associates, Inc., 53 F.Supp.3d 149, 153 (D.D.C. 2014). This conclusion is only further supported by the fact that in the Ninth Circuit, district courts have the discretion to calculate fee awards using either the lodestar method or the "percentage-of-the-fund" method. Fischel v. Equitable Life Assurance Soc'y of U.S., 307 F.3d 997, 1006 (9th Cir. 2002) (citations omitted). As such, even where "the Court lacks

NOTICE OF REMOVAL

FP 60041095.1

the information required to calculate [attorneys'] fees, it is difficult to believe that the amount in controversy [] could be lower than $75,000 when the [attorneys'] fees are factored in along with" other available damages. Parker-Williams, supra, 53 F.Supp.3d at p. 153.  Simply put, it is more than likely that Plaintiffs' attorneys' fees, alone, will exceed $75,000 if this matter goes to trial

30.    Accordingly, based on a good faith estimate of the value of the claims asserted on the face of the Complaint, it is "more likely than not" that the amount at issue in this lawsuit exceeds the minimum amount required for diversity jurisdiction.  *Sanchez*, 102 F.3d at 404; *see, e.g.*, *Simmons*, 209 F. Supp. 2d at 1031-1035 (finding included with unspecified amounts for medical expense damages, emotional damages, punitive damages and attorneys' fees anticipated to incur through trial, satisfy the amount in controversy required to establish diversity jurisdiction); *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (a  wrongful termination claim including a "lengthy list of compensatory and punitive damages" including loss of pay, impaired earning capacity, emotional distress, etc. combined with a claim for attorneys' fees and punitive damages, was sufficient to exceed the $75,000 minimum required to establish diversity jurisdiction, even though Plaintiff had only specified $13,000 in damages from lost income at the time of removal); *Thompson v. Big Lots Stores, Inc.*, 2017 WL 590261 (E.D. Cal. 2017) (finding that pregnancy discrimination claim praying for economic damages and unspecified emotional distress, punitive damages, and attorney's fees satisfied the amount in controversy required to establish diversity jurisdiction, even though the plaintiff had only incurred $27,027 in lost wages at the time of removal).

31.    This Court has original jurisdiction over the case pursuant to 28 U.S. C. §§ 1332(a) and 1441(a), on the basis that the amount in controversy exceeds the requisite $75,000, exclusive of interests and costs.

## V.    THE REQUIREMENTS OF 28 U.S.C. § 1446 ARE MET

32.    In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending. The Superior Court of

FP 60041095.1

California, County of Los Angeles is located within the Central District of California. Therefore, venue is proper in this Court, pursuant to 28 U.S.C. 84(c), because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

33. In accordance with 28 U.S.C. § 1446(b), Defendant's Notice of Removal was filed within 30 days after service of the Complaint.

34. In accordance with 28 U.S.C. § 1446(a), Exhibits A and C, attached hereto to the Golob Decl., contain copies of all process, pleadings, and orders served upon Plaintiff, Defendant, or the Court.

35. In accordance with 28 U.S.C. § 1446(d), Defendant will give written notice of the original removal of this action to Plaintiff via her counsel and file a copy of that Notice with the Superior Court of California, Los Angeles County.

36. In this event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that the Court issue an Order to Show Cause so that Defendant may have an opportunity to more fully brief the basis for this removal.

WHEREFORE, Defendant removes the above-referenced action to this Court.

Dated:  November 13, 2025        FISHER & PHILLIPS LLP


By: /s/ Nicole Golob
Nicole Golob
Attorneys for Defendant
STARBUCKS CORPORATION (erroneously sued as STARBUCKS COFFEE COMPANY)

11
NOTICE OF REMOVAL

FP 60041095.1

## CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and not a party to the within action.  I am employed with the law offices of Fisher & Phillips LLP and its business address is 21600 Oxnard Street, Suite 650, Woodland Hills, California 91367.

On November 13, 2025, I served the following document entitled **DEFENDANT STARBUCKS CORPORATION'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 AND 1446** on all the appearing and/or interested parties in this action as follows:

Michael Burgis                                     Attorneys for Plaintiff
Shant Kotchounian                                  EDAYANIRA ZARCO
MICHAEL BURGIS & ASSOCIATES, P.C.
5900 Sepulveda Boulevard, Suite 215
Sherman Oaks, California 91411
Telephone: (818) 994-9870
Facsimile:  (818) 475-1682
E-Mail: mburgis@burgislaw.com
           skotchounian@burgislaw.com

☒ **[by MAIL]** – I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice the enclosed document(s) will be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

I declare that I am employed in the office of a member of the State of California at whose direction the service was made.

Executed on November 13, 2025, at Woodland Hills, California.

/s/ Adriana Preciado
Adriana Preciado

1
CERTIFICATE OF SERVICE

FP 60041095.1